# EXHIBIT A

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing
and service of pleadings or other documents as required by law. This form must be filed by the
plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant
to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Sebastian Fumberg</u>
Plaintiff                                                           Case # _____
                                                                    Judge  _____
vs.
<u>Entertainment Partners Services LLC, Entertainment Partners LLC</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of
the claim is requested for data collection and clerical processing purposes only. The amount of the claim
shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most
definitive category.) If the most descriptive label is a subcategory (is indented under a broader
category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
        ☐ Business governance
        ☐ Business torts
        ☐ Environmental/Toxic tort
        ☐ Third party indemnification
        ☐ Construction defect
        ☐ Mass tort
        ☐ Negligent security
        ☐ Nursing home negligence
        ☐ Premises liability—commercial
        ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
        ☐ Commercial foreclosure
        ☐ Homestead residential foreclosure
        ☐ Non-homestead residential foreclosure
        ☐ Other real property actions

☐ Professional malpractice
        ☐ Malpractice—business
        ☐ Malpractice—medical
        ☐ Malpractice—other professional
☒ Other
        ☐ Antitrust/Trade regulation
        ☐ Business transactions
        ☐ Constitutional challenge—statute or ordinance
        ☐ Constitutional challenge—proposed amendment
        ☐ Corporate trusts
        ☒ Discrimination—employment or other
        ☐ Insurance claims
        ☐ Intellectual property
        ☐ Libel/Slander
        ☐ Shareholder derivative action
        ☐ Securities litigation
        ☐ Trade secrets
        ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**    **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Nonmonetary declaratory or injunctive relief;
    ☒ Punitive

    **V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
    (Specify)

    <u>2</u>

    **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jason S Remer</u>        Fla. Bar # <u>165580</u>
        Attorney or party                (Bar # if attorney)

<u>Jason S Remer</u>        <u>11/30/2021</u>
(type or print name)          Date

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SEBASTIAN FUMBERG,

     Plaintiffs,

vs.                                 Case No. _____

ENTERTAINMENT PARTNERS SERVICES
LLC, a Foreign Limited Liability Company, and
ENTERTAINMENT PARTNERS, LLC, a
Foreign Limited Liability Company,

     Defendants.

_____/

## **COMPLAINT**

COMES NOW, Plaintiff, SEBASTIAN FUMBERG ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, ENTERTAINMENT PARTNERS SERVICES LLC and ENTERTAINMENT PARTNERS LLC (collectively "Defendants"), and in support avers as follows:

## **GENERAL ALLEGATIONS**

1.     This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.     This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b).

3.   Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4.   Defendant ENTERTAINMENT PARTNERS SERVICES LLC is a Foreign Limited Liability Company and Plaintiff worked for defendant in Miami-Dade County, Florida, and at all times material hereto was and is engaged in interstate commerce.

5.   Defendant ENTERTAINMENT PARTNERS LLC is a Foreign Limited Liability Company and Plaintiff worked for defendant in Miami-Dade County, Florida, and at all times material hereto was and is engaged in interstate commerce.

6.   Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7.   All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.   Plaintiff performed work for Defendants as a non-exempt audio engineer from November of 2016.

9.   Plaintiff was hired by Wally Rodriguez and his supervisor was Adriana Salas and assigned to work at Telemundo in Miami at 1 Telemundo Way, Miami, Fl 33132.

10.  Plaintiff worked in excess of 40 hours of work on average per week.

11.  At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement that Plaintiff would be employed by Defendants and that Plaintiff would be

properly paid as provided for by and not in violation of the laws of the United States and the State of Florida.

12.     Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Wage & Hour Federal Statutory Violation Against*
### *ENTERTAINMENT PARTNERS SERVICES LLC*

13.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

14.     This action is brought by Plaintiff to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

15.     Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

16.     At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state

lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

17.   Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

18.   By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

19.   Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

20.   At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

21.   Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

22.     Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
*Wage & Hour Federal Statutory Violation Against*
*ENTERTAINMENT PARTNERS LLC*

23.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

24.     This action is brought by Plaintiff to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

25.     Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

26.     At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

27.     Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

28.     By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for

commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

29.    Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

30.    At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

31.    Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

32.    Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

H.    Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

I.    Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest;

and

J.   Award Plaintiff an equal amount in double damages/liquidated damages; and

K.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

L.   Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

M.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

**N.**   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.


### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Date:  June 17, 2021                    Respectfully submitted,

                             /s/ Jason S. Remer

**Jason S. Remer, Esq.**
Florida Bar No.: 0165580
jremer@rgpattorneys.com
**Daniel H. Hunt, Esq.**
Florida Bar No.: 121247
dhunt@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SEBASTIAN FUMBERG,

       Plaintiffs,

vs.                                                           Case No. 2021-026036-CA-01

ENTERTAINMENT PARTNERS SERVICES
LLC, a Foreign Limited Liability Company, and
ENTERTAINMENT PARTNERS, LLC, a
Foreign Limited Liability Company,

       Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO: ENTERTINMENT PARTNERS, LLC,** through its Registered Agent:

> CORPORATION SERVICE COMPANY
> 1201 HAYS STREET
> TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

> JASON S. REMER, ESQ.
> REMER & GEORGES-PIERRE, PLLC.
> 44 WEST FLAGLER STREET
> SUITE 2200
> MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **<u>20 days</u>** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                                             DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SEBASTIAN FUMBERG,

     Plaintiffs,

vs.                             Case No. 2021-026036-CA-01
ENTERTAINMENT PARTNERS SERVICES
LLC, a Foreign Limited Liability Company, and
ENTERTAINMENT PARTNERS, LLC, a
Foreign Limited Liability Company,

     Defendants.

_____/

**SUMMONS IN A CIVIL CASE**

**TO: ENTERTAINMENT PARTNERS, LLC**:

                        ENTERTAINMENT PARTNERS SERVICES, LLC
                        2950 N. HOLLYWOOD WAY
                        BURBANK, CA 91505

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                        JASON S. REMER, ESQ.
                        REMER & GEORGES-PIERRE, PLLC.
                        44 WEST FLAGLER STREET
                        SUITE 2200
                        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.


_____
CLERK                        DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SEBASTIAN FUMBERG,

     Plaintiffs,

vs.                              Case No. 2021-026036-CA-01

ENTERTAINMENT PARTNERS SERVICES
LLC, a Foreign Limited Liability Company, and
ENTERTAINMENT PARTNERS, LLC, a
Foreign Limited Liability Company,

     Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO: ENTERTAINMENT PARTNERS, LLC,** through its Registered Agent:

> **CORPORATION SERVICE COMPANY**
> **1201 HAYS STREET**
> **TALLAHASSEE, FL 32301-2525**

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

> JASON S. REMER, ESQ.
> REMER & GEORGES-PIERRE, PLLC.
> 44 WEST FLAGLER STREET
> SUITE 2200
> MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts                12/8/2021

_____
CLERK                         DATE

**217043**

_____
(BY) DEPUTY CLERK



IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SEBASTIAN FUMBERG,

       Plaintiffs,

vs.

Case No. 2021-026036-CA-01

ENTERTAINMENT PARTNERS SERVICES
LLC, a Foreign Limited Liability Company, and
ENTERTAINMENT PARTNERS, LLC, a
Foreign Limited Liability Company,

       Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO: ENTERTAINMENT PARTNERS, LLC:**

          ENTERTAINMENT PARTNERS SERVICES, LLC
          2950 N. HOLLYWOOD WAY
          BURBANK, CA 91505

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

          JASON S. REMER, ESQ.
          REMER & GEORGES-PIERRE, PLLC.
          44 WEST FLAGLER STREET
          SUITE 2200
          MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

12/8/2021

_____
CLERK                          DATE

217043
_____
(BY) DEPUTY CLERK



IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SEBASTIAN FUMBERG,

     Plaintiffs,

vs.                                                              Case No. 2021-026036-CA-01

TELEMUNDO TELEVISION STUDIOS, LLC,
a Foreign Limited Liability Company,

     Defendants.

_____/

## FIRST AMENDED COMPLAINT

     Plaintiff, SEBASTIAN FUMBERG ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, TELEMUNDO TELEVISION STUDIOS, LLC ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1.     This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.     This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b).

3.     Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4.     Defendant TELEMUNDO TELEVISION STUDIOS, LLC is a Foreign Limited Liability Company doing business in Miami-Dade County, Florida where Plaintiff worked for defendant, and at all times material hereto was and is engaged in interstate commerce.

5.     Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6.     All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.     Plaintiff performed work for Defendants as a non-exempt audio engineer from November of 2016.

8.     Plaintiff was hired by Wally Rodriguez and his supervisor was Adriana Salas.

9.     Plaintiff worked in excess of 40 hours of work on average per week.

10.    At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement that Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by and not in violation of the laws of the United States and the State of Florida.

11.    Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Wage & Hour Federal Statutory Violation*

12.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

13.    This action is brought by Plaintiff to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee

receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

14.    Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

15.    At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

16.    Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

17.    By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

18.    Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

19.    At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

20.    Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

21.    Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

F.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Date:  January 31, 2022                           Respectfully submitted,

                                                   /s/ Jason S. Remer
                                                  **Jason S. Remer, Esq.**
                                                  Florida Bar No.: 0165580
                                                  jremer@rgpattorneys.com
                                                  **REMER & GEORGES-PIERRE, PLLC**
                                                  44 West Flagler Street, Suite 2200
                                                  Miami, FL 33130
                                                  Telephone: (305) 416-5000
                                                  Facsimile: (305) 416-5005

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SEBASTIAN FUMBERG,

    Plaintiffs,

vs.                      Case No. _____

TELEMUNDO TELEVISION STUDIOS, LLC,
a Foreign Limited Liability Company,

    Defendants.
_____/

**SUMMONS IN A CIVIL CASE**

**TO:** TELEMUNDO TELEVISION STUDIOS, LLC through its Registered Agent:

        C T CORPORATION SYSTEM
        1200 SOUTH PINE ISLAND ROAD
        PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        JASON S. REMER, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK               DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SEBASTIAN FUMBERG,

      Plaintiffs,

vs.                           Case No. _____

TELEMUNDO TELEVISION STUDIOS, LLC,
a Foreign Limited Liability Company,

      Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** TELEMUNDO TELEVISION STUDIOS, LLC through its Registered Agent:

         C T CORPORATION SYSTEM
         1200 SOUTH PINE ISLAND ROAD
         PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

         JASON S. REMER, ESQ.
         REMER & GEORGES-PIERRE, PLLC.
         44 WEST FLAGLER STREET
         SUITE 2200
         MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts            2/3/2022
_____
CLERK                       DATE
     217043
_____
(BY) DEPUTY CLERK

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: <u>2021-026036-CA-01</u>
SECTION: <u>CA09</u>
JUDGE: <u>Pedro P Echarte Jr.</u>

**Sebastian Fumberg**

Plaintiff(s)

vs.

**Telemundo Television Studios LLC**

Defendant(s)

_____/

## CASE MANAGEMENT ORDER (GENERAL PATHWAY)

**THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established Case Management Deadlines, and it is hereby

**ORDERED** that:

1. The parties shall comply with these Case Management Deadlines until further order of court. The parties shall strictly comply with the deadlines and should expect that the case will be tried during the anticipated trial period specified, without continuances. The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this order.

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties shall comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **Deadline for Service of Complaint:** | 120 Days from filing of Complaint |
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | 08/07/2022 |
| **Deadline for Initial Scheduling and Setting Depositions:** | 09/06/2022 |

| | |
|---|---|
| **Deadline for Witness and Exhibit List:** | 10/16/2022 |
| **Deadline for Expert Disclosure:** | 10/16/2022 |
| **Deadline for Inspections/Examinations:** | 10/16/2022 |
| **Deadline for Adding Parties:** | 10/16/2022 |
| **Deadline for Discovery Completion (Including Depositions):** | 11/05/2022 |
| **Deadline for Dispositive Motions:** | 11/20/2022 |
| **Deadline for ADR/Mediation:** | 01/04/2023 |
| **Deadline for Pretrial Motions and Jury Instructions:** | 01/14/2023 |
| **Trial Ready Deadline:** | 02/13/2023 |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**:  Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, _not through staff_, to attempt to narrow or resolve issues. "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

2. **Scheduling of Hearings**:  Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar.  Motions not promptly set for hearing may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**:  The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery.  These motions shall be submitted via courtMAP with supporting documents and shall not be placed on motion calendar.

4. **Motions for Protective Order**:  Motions for protective order must be filed as soon as the grounds are known.  Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition.  The filing of the motion must not be delayed until immediately prior to the scheduled deposition.  A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.

5. **Motions for Extension**:  Motions for extension of time must state with specificity the reason why extension is needed and anticipated deadline for competition, which may not exceed the time allowed for the original deadline absent extraordinary circumstances. The Court may rule upon submission of the motion without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to

respond promptly in the event the motion is denied.

6. **Dispositive Motions**:  Motions which may dispose of specific issues, portions of the case or the entire case should be filed <u>and</u> set for hearing as soon as possible.  Parties wishing to pursue a dispositive motion should target the essential discovery promptly.  <u>Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date.</u>  <u>Last minute cancellations are disfavored</u>.

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial.  Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

### Discovery

8. <u>**Written Discovery shall be propounded promptly**</u>:

   a. **Objections**:  If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due.  Failure to timely make these objections, constitutes a waiver.  Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   b. **Documents made available for inspection and copying**:  If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying.  All of the dates shall be within ten (10) days.  Failure to provide the dates and times shall constitute a failure to respond to discovery.  Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

   c. **Privilege Logs**:  Privilege logs are due at the time of the response and may not be reserved to be provided later.  Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

   Failure to timely provide the privilege log may result in the waiver of the privilege. This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the

basis of a claim of privilege or work product except the following:  written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought.  The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous.  *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

    d. **Expert Disclosure**:  Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

9. **Depositions**:  The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule.  Depositions may commence at any time.   Refer to paragraph 4 above regarding motions for protective order.

## Witness and Exhibits Lists

10. **Witness and Exhibit Lists**:  The parties shall timely exchange their witness and exhibit lists.  The lists shall include complete proper names and addresses.  If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

### Mediation

11. **Mediation**:  Parties must mediate by the Court's deadline.  The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation.   If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court.  Failure to timely mediate shall not constitute just cause for a trial continuance.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>4th day of April, 2022</u>.

2021-026036-CA-01 04-04-2022 11:32 A

<u>2021-026036-CA-01 04-04-2022 11:32 AM</u>
Hon. Pedro P Echarte Jr.

**CIRCUIT COURT JUDGE**
Electronically Signed

---

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

---

**Electronically Served:**
Daniel H. Hunt, dhunt@rgpattorneys.com
Daniel Hunt, dhunt@rgpattorneys.com
Daniel Hunt, ad@rgpattorneys.com
Jason S Remer, jremer@rgpattorneys.com
Jason S Remer, ng@rgpattorneys.com
Jason S Remer, pn@rgpattorneys.com

**Physically Served:**